IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TUCKER B. SLOAN                                                        PLAINTIFF

v.                              CIVIL NO. 16-5107

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                         DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Tucker B. Sloan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 7, 2013, alleging an inability to work since December 21, 2012,[2] due to a disorder of the spine, anxiety, depression, OCD, PTSD, bladder infections, restless leg syndrome, alcohol dependence, and

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to December 23, 2012. (Doc. 9, p. 62).

1

GERD. (Doc. 9, pp. 89-90, 222, 228). An administrative video hearing was held on May 15, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 54-86).

By written decision dated February 13, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 9, p. 39). Specifically, the ALJ found Plaintiff had the following severe impairments: depression; an anxiety disorder; a conversion disorder; a panic disorder; post-traumatic stress disorder (PTSD); borderline bipolar disorder; Tourette's disease ("Tourette's"); migraines; and a compression fracture, and related conditions of the spine (hereinafter "the compression fracture"). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 39). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can perform only tasks and instructions involving no more than three steps, and cannot have extended contact with the public.

(Doc. 9, p. 41). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a laundry worker, and a hand packer. (Doc. 9, p. 46).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on April 7, 2016. (Doc. 9, pp. 6-12). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ's RFC assessment is based on legal error, and it not supported by substantial evidence on the record as a whole; 2) the ALJ erred in rejecting the opinion of Sean Millhouse, LPC; and 3) the ALJ's credibility analysis is not supported by good reasons or substantial evidence.[3]

**A.   Subjective Complaints and Symptom Evaluation:**

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a

---

[3] The Court has re-ordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the time period in question, Plaintiff was able to take care of his personal needs, perform household chores, prepare simple meals, watch television, read and attend AA meetings. Plaintiff is a recovering alcoholic that had a sobriety setback around the time of his grandmother's death in April of 2014, but for the most part was able to maintain his sobriety during the relevant time period. While the record revealed that Plaintiff's driver's license was suspended, Plaintiff reported on numerous occasions that he was able to walk and ride a bicycle. As pointed out by the ALJ, Plaintiff was able to take college classes during the time period in question. Plaintiff reported that he had to drop a couple of courses during one semester, but was able to graduate with an Associate Degree and start school at a four-year university. In June of 2014, Plaintiff went on a family vacation and upon his return reported that he had a good time and wished the vacation would have lasted longer. Plaintiff also reported that his time was spent visiting with family and friends, doing yardwork, reading books and riding his bicycle.

With respect to Plaintiff's alleged physical impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan,

5

956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). For example, the medical evidence indicated Plaintiff experienced a 90% improvement of his tics after starting clonidine. With respect to Plaintiff's compression fracture, the record revealed that he was treated conservatively, and throughout the time period in question Plaintiff indicated that he was able to walk and ride a bicycle everywhere.

The record revealed that Plaintiff's mental impairments also responded well to treatment. The medical evidence revealed that some medication adjustments were made; however, Plaintiff was able to attend college glasses, and do most activities of daily living independently. While Plaintiff indicated that he was unable to concentrate properly, the medical evidence revealed that Dr. David D. Brown indicated that Plaintiff's memory was intact and he had no difficulty or impairment of concentration or attention in June and September of 2014. (Doc. 9, pp. 810, 932). After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff had mild restrictions of activities of daily living; moderate difficulties in social functioning; moderate difficulties with concentration, persistence and pace; and no episodes of decompensation for an extended duration.

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time period.

With regard to the Third-Party Function Report completed by Plaintiff's father, and the letters from Plaintiff's mother and father, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable

7

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, as well as the "other source" medical opinion of Mr. Sean Millhouse, LPC, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted Mr. Millhouse's August 21, 2014, Bipolar Disorder with possible substance abuse Residual Functional Capacity form, opining that Plaintiff was markedly or extremely impaired in numerous areas of functioning. After review, the Court finds that the ALJ did not err in discounting the opinion of Mr. Millouse. The ALJ declined to give controlling weight to Mr. Millhouse's opinion for good and well-

supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion.").

While Plaintiff argues that the ALJ erred in the analysis of Plaintiff's GAF scores, a GAF score is not essential to the RFC's accuracy. Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002). "[A]n ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a laundry worker or a hand packer during the time period in question. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

9

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of August 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE